UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME KOBISHOP,

        Plaintiff,

v.                                                   Case No. 14-C-802

MARINETTE COUNTY and MENDOTA
MENTAL HEALTH INSTITUTE,

        Defendants.

**DECISION AND ORDER**

Plaintiff has filed a *pro se* civil rights complaint against Marinette County and the Mendota Mental Health Institute. In the complaint, he alleges improper conduct on the part of various officials, who mistreated him in relation to his divorce proceedings because he was a "male." He also alleges, although the allegations are vague and unclear, that some uncaring individuals at Mendota Mental Health Institute caused him harm. Defendant Mendota Mental Health Institute, which is represented by the state attorney general's office, has moved to dismiss. For the reasons given below, the motion will be granted as to both Defendants.

The allegations against Marinette County fail to state a federal claim. Inasmuch as they are discernable, the allegations express disappointment with how the Plaintiff was treated by a judge, a district attorney and others during the course of divorce proceedings. But nowhere does he allege any claim against Marinette County itself. The mere fact that the county may have employed people against whom the Plaintiff has a complaint does not mean it could be held liable in a federal lawsuit

like this. *Pacelli v. deVito,* 972 F.2d 871, 878 (7th Cir. 1992). Accordingly, any claims against Marinette County are dismissed. For similar reasons, claims against the Mendota Mental Health Institute will be dismissed. As the Defendant points out, the Health Institute is not a "person" that is suable under 42 U.S.C. § 1983, which is the only conceivable statute Plaintiff could use for his complaint. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64, 70 (1989) (a state and its agencies are not "persons" within the meaning of section 1983).

Plaintiff has filed a letter asking that matters be stayed while he pursues non-judicial recourse against individuals involved and seeks counsel. I conclude, however, that dismissal is the best course in order to allow the Defendants to avoid the continued expense and inconvenience of being improperly sued in federal court. The dismissal as to these two Defendants will not compromise Plaintiff's ability to file a proper action against other defendants, should Plaintiff deem such action necessary.

The motion to dismiss is **GRANTED**. The case is dismissed with prejudice in its entirety against both Defendants. Judgment will be entered accordingly.

**SO ORDERED** this 13th day of August, 2014.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court